## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ARTHUR PAUL MARRONE, III,      )
                                        )
           Movant,         )
                                          )

v.                                 )     CIVIL ACTION NO. 5:09-0073
                                 )     (Criminal No. 5:04-0228)

UNITED STATES OF AMERICA,     )
                                          )
          Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and formerly incarcerated at FCI Coleman,[1] filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on January 27, 2009.[2] (Document No. 114.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 116.)

### FACTUAL AND PROCEDURAL BACKGROUND

By Single Count Indictment filed on November 16, 2004, Movant was charged with knowingly and intentionally assaulting, opposing, impeding and inflicting bodily injury upon an employee of the Federal Bureau of Prisons in violation of 18 U.S.C. § 111(a)(1) and (b). (Criminal Action No. 5:04-0228, Document No. 1.) On June 8, 2005, the District Court held a Pretrial Motions hearing. (Id., Document No. 36.) The District Court had before it Movant's (1) motion for change

---

[1]  The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on April 7, 2010. Movant is currently serving his term of supervised release.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of venue; (2) motion for disclosure of certain personnel records of Officer Collins; (3) motion to conduct in camera review of the personnel file of Officer Collins; and (4) motion to suppress two statements made by defendant. (Id., Document No. 28.) By Order entered on June 9, 2005, the District Court (1) denied Movant's motion for change of venue; (2) granted Movant's motion for disclosure of certain personnel records of Officer Collins; (3) granted Movant's motion to conduct in camera review of the personnel file of Officer Collins; and (4) granted Movant's motion to suppress. (Id., Document No. 37.) Following a jury trial conducted on June 15 - 16, 2005, Movant was convicted of the charge contained in the Single Count Indictment. (Id., Document No. 50.) On June 30, 2005, Movant, by counsel, filed a Motion for Judgment of Acquittal or New Trial. (Id., Document No. 57.) In support of the Motion for Judgment of Acquittal or New Trial, Movant alleged that his conviction should be overturned because the testimony of Wesley Collins was incredible. (Id.) On July 8, 2005, Movant, by counsel, filed his Second Motion for New Trial arguing that "Defendant was prejudiced by juror dishonesty during voir dire." (Id., Document Nos. 60 and 61.) By Order entered on August 23, 2005, the District Court denied Movant's first Motion for Judgment of Acquittal and New Trial. (Id., Document No. 68.) By Memorandum Opinion and Order entered on September 21, 2005, the District Court denied Movant's Second Motion for New Trial. (Id., Document No. 79.) A Presentence Investigation Report was prepared. (Id., Document No. 89.) Movant was sentenced on December 13, 2005. (Id., Document No. 82.) The District Court determined that Movant had a Base Offense Level of 6, and a Total Offense Level of 9, having applied a three-level enhancement pursuant to U.S.S.G. § 2A2.4(b)(1) because the conduct involved physical contact. (Id., Document No. 86, p. 5.) After considering the Guideline range and the Section 3553(a) factors, the District Court determined that an upward departure to sixty months was appropriate and reasonable. (Id., pp. 5 - 7.) The District Court ordered that Movant serve a 60-month

term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 85.)

On January 17, 2006, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 87.) In his appeal, Movant argued that (1) the District Court failed to provide notice before imposing a sentence above the advisory guideline range in violation of Rule 32(h) of the Federal Rules of Criminal Procedure and Burns v. United States, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991); and (2) the District Court imposed an unreasonable sentence because it was greater than necessary to comply with the sentencing purposes in Section 3553(a)(2). United States v. Marrone, 292 Fed.Appx. 253 (4th Cir. Sep. 10, 2008). On August 13, 2007, the Fourth Circuit affirmed Movant's sentence. Id.

On January 27, 2009, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:09-0073, Document No. 114.) As grounds for *habeas* relief, Movant alleges as follows: (1) Ineffective Assistance of Counsel (Id., pp. 4 - 6.); (2) "Defective Indictment/Conviction obtained by action of federal grand jury which was unconstitutionally selected and impaneled" (Id., pp. 4 and 7.); (3) "No arrest warrant" (Id., p. 8.); and (4) "No criminal complaint/no magistrate's complaint/no written complaint submitted to federal grand jury. Lack of person and subject matter jurisdiction. No probable cause to believe an offense had been committed" (Id., pp. 9 - 10.).

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move

the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

**1.      Procedurally Barred Claims:**

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."

4

Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

In the instant case, Movant argues that criminal charges were improperly initiated against him by way of Indictment. (Civil Action No. 5:09-0073, Document No. 114, pp. 7 - 10.) First, Movant claims that the Indictment was defective because it was improperly returned by the Grand Jury. (Id., p. 7.) Next, Movant asserts "the district court never had lawful jurisdiction over his person because there was no arrest warrant, no complaint, no affidavit of probable cause to believe an offense had been committed, as required by Rule 3 of the Federal Rules of Criminal Procedure." (Id., pp. 8 - 10.)

5

Movant acknowledges that the above alleged errors were not raised in the District Court or on appeal. Further, Movant has not shown and cannot show good cause for failing to do so and that prejudice has resulted. The Court, therefore, finds that the above errors are procedurally barred.

**2.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show

6

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 65; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.     *Trial Counsel's Failure to Challenge Defective Indictment and Unconstitutionally Selected Grand Jury.*

Movant contends that trial counsel acted ineffectively in failing to adequately investigate "evidence which could have been favorable to his defense." (Civil Action No. 5:09-0073, Document No. 114, pp. 5 - 7.) Movant argues that had trial counsel adequately investigated he would "have discovered that the indictment was defective as the grand jury was unconstitutionally selected and impaneled." (Id., p. 6) Thus, Movant alleges that the Indictment was defective because it was improperly returned by the Grand Jury. (Id., p. 7.) First, Movant states that the "Government went before the federal grand jury without the federal magistrate judge present to administer the oath and

return of the indictment in open court." (Id.) Next, Movant complains that "there were only 10 jurors present on the grand jury [and] the law requires there to be 12 jurors." (Id.) Movant, therefore, concludes that "[t]he conviction was obtained against the Petitioner through deception and fraud on the court." (Id.)

Based on a review of the record, the undersigned finds that trial counsel did not act ineffectively in failing to challenge the validity of the Indictment. The record reveals that the Indictment is valid on its face and was properly signed by the Foreperson and the Special Assistant United States Attorney. (Criminal Action No. 5:04-0228, Document No. 1.) Movant offers no evidence to support his claim that the Indictment violated Rule 6(f) of the Federal Rules of Criminal Procedure.[3] Movant merely speculates that his Indictment was passed by fewer than twelve jurors and that it was not returned to a magistrate judge in open court. See DeVincent v. United States, 632 F.2d 145, 146 (1st Cir. 1980)(dismissal of Section 2255 claim where movant "was merely speculating about the way in which he was indicted"). Accordingly, the undersigned finds that trial counsel did not act unreasonably in failing to argue that the indictment was defective.

**B.**     ***Trial Counsel's Failure to Argue a Violation of Rules 3 and 4 of the Federal Rules of Criminal Procedure.***

Next, Movant argues that if trial counsel would have adequately investigated, "he would have found that there was no criminal complaint, nor affidavit supporting probable cause, nor arrest warrant." (Civil Action No. 5:09-0073, Document No. 114, pp. 6, 8 - 10.) Movant explains that the

---

[3] Rule 6(f) of the Federal Rules of Criminal Procedure provides as follows:

A grand jury may indict only if at least 12 jurors concur. The grand jury - - or its foreperson or deputy foreperson - - must return the indictment to a magistrate judge in open court. If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.

above is a meritorious issue because "the district court never had lawful jurisdiction over his person because there was no arrest warrant, no complaint, no affidavit of probable cause to believe an offense had been committed, as required by Rule 3 of the Federal Rules of Criminal Procedure." (Id.)

The Court finds that it is clear from a single reading of the Indictment (Criminal No. 1:04-0228, Document No. 1.) that it is constitutionally sufficient. Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." "To meet the demands of the Fifth and Sixth Amendments, an indictment must (1) contain the elements of the charged offense and fairly inform a defendant of the charges against him, and (2) enable him to plead double jeopardy in defense of future prosecutions for the same offense." United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992), cert. denied, 506 U.S. 858, 113 S.Ct. 171, 121 L.Ed.2d 118 (1992). The Indictment filed on November 16, 2004, contains a detailed statement of the factual basis for the charge contained in the Single Count Indictment, tracks the language of 18 U.S.C. § 111(a)(1) and (b) in relating the factual basis for the charge, and charges Movant with violating this statute. The Indictment clearly meets all constitutional requirements.

Movant's claim that the Government violated Rules 3 and 4 of the Federal Rules of Criminal Procedure by failing to file a criminal complaint and having an arrest warrant issued is without merit. The Federal Rules of Criminal Procedure provides that a criminal case may be initiated by a criminal complaint, indictment, or information. See Fed. R. Crim. P. 3 and 7. The filing of a criminal complaint, however, is not required in all cases. Specifically, Rule 7(a)(1) of the Federal Rules of Criminal Procedure provides that "[a]n offense (other than criminal contempt) *must* be prosecuted by an indictment if it is punishable: (A) by death; or (B) by imprisonment for more than one year." Fed. R. Crim. P. 7(a)(1)(emphasis added). A defendant, however, may waive indictment and be

9

prosecuted by information. <u>See</u> Fed. R. Crim. P. 7(b). Specifically, Rule 7(b) provides that "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment." <u>Id.</u>

Based upon the foregoing, the undersigned concludes that trial counsel did not act unreasonably in failing to argue that the Government violated Rules 3 and 4 of the Federal Rules of Criminal Procedure. The Court finds that Movant was properly charged by way of Indictment for his felony offense. The undersigned further finds that Movant's Indictment was sufficient evidence of probable cause. <u>See</u> <u>Gerstein v. Pugh</u>, 420 U.S. 103, 117, n. 19, 95 S.Ct. 854, 865, 43 L.Ed.2d. 54 (1975)("[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause . . . ."); <u>Butler v. United States</u>, 191 F.2d 433, 438 (4th Cir. 1951)("The indictment itself is evidence of probable cause."); <u>United States v. Shrader</u>, 2010 WL 503092, * 4 (S.D.W.Va. Feb. 8, 2010)(J. Berger)(stating that "the Grand Jury indictment is sufficient evidence for the Court to conclude that there is probable cause to believe the Defendant committed the alleged offense"). Thus, Movant's claim that "the district court never had lawful jurisdiction over his person because there was no arrest warrant, no complaint, no affidavit of probable cause to believe an offense had been committed, as required by Rule 3 of the Federal Rules of Criminal Procedure," is without merit. The Indictment filed against Movant clearly meets all constitutional requirements and complies the Federal Rules of Criminal Procedure. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

### C.   *Trial Counsel's Failure to have Victim Prosecuted for a Fraudulent Workers Compensation Claim.*

Finally, Movant contends that "had the lawyer conducted a proper investigation he would

have discovered evidence of perjury and the alleged victim's executing fraudulent workers compensation claims to defraud the State of West Virginia of taxpayers' funds." (Civil Action No. 5:09-0073, Document No. 114, p. 6.) Movant argues that "evidence of these facts should have been referred to the West Virginia Office of Attorney General so that the alleged victim could be brought up on state charges for perjury and wrongfully obtaining state workers compensation under criminal false pretenses." (Id.)

Based upon a review of the record, the undersigned finds that trial counsel did not act ineffectively. Although Movant claims that trial counsel acted ineffectively in failing to procure the prosecution of Mr. Collins for his alleged perjury and workers compensation fraud, Movant fails to allege how he was prejudiced. As stated above, Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Movant, however, fails to demonstrate that the results of his criminal proceedings would have been different had trial counsel attempted to procure the prosecution of Mr. Collins. A review of the record reveals that trial counsel acted reasonably concerning his investigation of Mr. Collins' testimony and workers compensation claim. Trial counsel was clearly aware of the potential inconsistencies between Officer Collins' trial testimony and information contained in his workers compensation form. During the jury trial, trial counsel attempted to impeach Officer Collins by presenting the inconsistent witness' statement of Lieutenant Hickey as contained in the workers compensation form. (Criminal Action No. 5:04-0228, Document No. 99, pp. 55 - 76, 118 - 122.) The jury, however, weighed the credibility of the witnesses and determined that Movant was guilty of assaulting Mr. Collins. In Movant's Motion for Judgment of Acquittal or New Trial, trial counsel continued to argue that Mr. Collin's "testimony was belied by the admission by Mr. Collins that he had made fundamental inaccuracies in a federal worker compensation claim which he filed." (Id.,

Document No. 57.) Specifically, trial counsel stated that "[t]he most pertinent inaccuracy by Mr. Collins in that claim involved the sworn-to assertion by Collins that Lieutenant Hickey had been a witness to Mr. Collins being hit by Marrone." (Id.) The District Court, however, denied Movant's Motion for Judgment of Acquittal or New Trial. (Id., Document No. 68.) The Court, therefore, finds that trial counsel acted reasonably in his investigation concerning Mr. Collin's credibility. Further, Movant fails to allege how counsel's failure to procure Mr. Collin's prosecution resulted in prejudice. Accordingly, the undersigned recommends that Movant's above claim of ineffective assistance of counsel be dismissed.

        **D.**     ***Appellate Counsel was ineffective in filing Movant's appeal.***

        Movant argues that appellate counsel was ineffective in failing "to raise and preserve meritorious issues." (Civil Action No. 5:09-0073, Document No. 114, pp. 5 - 6.) Specifically, Movant alleges that appellate counsel was ineffective in failing argue the following: (1) that the Indictment was defective due to an unconstitutionally selected grand jury; (2) that "the district court never had lawful jurisdiction over his person because there was no arrest warrant, no complaint, no affidavit of probable cause to believe an offense had been committed;" and (3) that trial counsel was ineffective in failing to procure the prosecution of the victim for perjury and workers compensation fraud. (Id.)

        The undersigned has considered and found no merit in Movant's above claims of ineffective assistance of counsel. Thus, when no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)("When defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise

it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Therefore, Movant's claim of ineffective assistance of counsel on the above ground should be dismissed.

### PROPOSED FINDINGS AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 114.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen

days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: November 9, 2011.

R. Clarke VanDervort
United States Magistrate Judge